FRUGÉ, Judge.
Plaintiff, Mark Daigle, instituted suit against his former employer, Odey Hulin, alleging that he was underpaid for work performed by him under a verbal contract of employment. He also sought penalties and attorney’s fees under R.S. 23:631 and 632. After trial judgment was rendered in favor of the plaintiff only with respect to vacation pay allegedly owed him by the defendant. His other demands were rejected. Plaintiff has appealed insofar as his other demands were rejected. We affirm.
Plaintiff filed his action for wages due on September 28, 1973. His petition alleged that on or about November 11, 1972, the defendant visited him in his home and successfully enticed him to leave his job as a printer at Standard Printing Company in Lafayette. He alleged that he accepted the job with the defendant because of oral promises made to him in the presence of his mother and sister by the defendant, to the effect that he would be paid at a rate of $1.75 per hour, that he would be working an 8-hour day, five days per week, and that he would be entitled to a paid vacation during his first year. Plaintiff further alleged that he worked for the defendant as a printer from December 1, 1972 through August 9, 1973. On August 9, plaintiff allegedly collected his weekly paycheck and commenced a two and one-half day paid vacation. That afternoon the plaintiff allegedly discovered that his vacation time was not included in his pay and promptly *900 called the defendant, who promised that his check for the following week would include the vacation time. Defendant called the plaintiff the following day, August 10, and informed him that he need not return to work on August 14, after his vacation, because he was no longer needed. Formal demand was made by the plaintiff upon defendant for wages owed by a certified letter allegedly sent by his attorney and received by the defendant on September 20. Plaintiff further alleged that he was entitled to penalties and attorney’s fees because of the defendant’s refusal to pay the amount due him within 24 hours of the demand, as provided under the aforementioned statute. The total amount of the demand by plaintiff was as follows: past due wages in the sum of $464.89; penalties in the amount of $13.13 per day from August 14, 1973 until paid; and reasonable attorney’s fees in the amount of $250.00, together with legal interest thereon from date of judicial demand and all costs.
Defendant’s answer generally denied the allegations of the plaintiff’s petition, and alleged that the plaintiff had solicited the employment from defendant because he felt that his employer was going to either close his business or sell it. It was further alleged that the plaintiff was offered pay of $1.60 per hour and that no paid vacation was promised to the plaintiff.
The matter was tried on January 16, 1974. The testimony of the plaintiff, his mother, and his sister indicates that at the meeting between the plaintiff and defendant at the plaintiff’s home in November, wages of $1.75 per hour and a paid vacation of two and one-half days during the first year of employment were discussed. The testimony of the defendant indicates that employment was first solicited by the plaintiff, not by himself, in October, that the discussion with the plaintiff at his home in November constituted mere preliminary negotiations, and that no final agreement was reached on that date. He stated that a later meeting at his motel office with Mr. Daigle and Mrs. Ardeneaux, another employee, was the point at which the final agreements were reached as to the employment. The testimony of Mrs. Ardeneaux supports the testimony of the defendant with regard to the meeting at the motel office. Her testimony indicates that the defendant had told them at the office that he could not afford to pay them more than $1.60 an hour, that they would be able to work 35 hours a week, and that the first year he would be unable to give them a paid vacation.
The testimony of the plaintiff indicates that he worked overtime for the month of December, and that he was not paid for this overtime work. However, the testimony of the other employees is that they were unaware of the plaintiff working overtime during that month.
It was plaintiff’s testimony that he worked from 8:30 until 5 :00 each day that he worked, but that he was only paid for working from 9:00 until 5:00. He states that he was picked up at his home about 8:20 each morning, either by Mrs. Arde-neaux or someone else, and that they were at work by 8:30. But the testimony of Mrs. Ardeneaux and Mrs. Smith, another co-employee, indicates that no one started work until 9:00. Mrs. Ardeneaux testified that she and the plaintiff seldom arrived at work by 8:30. She admitted, however, that she was unaware of the plaintiff’s activities from the time they arrived at work until 9:00. Mrs. Smith testified that the business was not open to the public until 9:00 each morning.
In his reasons for judgment, the trial judge points out that the plaintiff himself had admitted that he accepted the salary of $1.60 per hour because he was expecting to obtain a raise when Congress next raised the minimum wage. He found that the plaintiff, by working for months at this salary with no complaints, had acquiesced in it and was not entitled to an increase. With respect to the vacation, the court found that the plaintiff had been greatly *901 impressed, as had his family, inasmuch as he had never received a paid vacation in his entire working career. The defendant admitted that the plaintiff left on his paid vacation and was not advised that he would not be paid for this time. The court granted the plaintiff a judgment for his wages of two and one-half days at $1.60 per hour. The court further found that the plaintiff was not entitled to penalties and attorney’s fees under R.S. 23 :632, stating that the defendant was apparently in good faith and did not believe that he owed the vacation benefits to the plaintiff. With regard to the claim for overtime, the court found that the plaintiff had failed to prove this claim. In dealing with the plaintiff’s claim that he worked on Mother’s Day without getting paid, the court noted that the defendant had testified without contradiction that he had let the plaintiff take off on a Holy Day of Obligation which made up for the time the plaintiff had worked on Mother’s Day. The court found that this adequately compensated the plaintiff for his work.
The plaintiff on appeal argues that what the court found to be acquiescence by the plaintiff in his shortages over a period of months could be considered more accurately as evidence of desirable traits in an employee, in that plaintiff trusted his employer to honor the verbal agreement eventually, that he had no desire to increase his employer’s difficulties in operating a new business enterprise, and that he expected his contribution to the new business to be remembered by his employer whose success was finally achieved. However, we find that it was incumbent upon the plaintiff to bring to the attention of his employer that he was not getting what he expected to be paid. The testimony is clear that he never complained to his employer or fellow employees about how much he was paid. No demand was made on his employer until after his dismissal from work. Finding no manifest error on the part of the trial judge, we must hold that the plaintiff did acquiesce and that he is not entitled to an extra $.15 per hour pay under the alleged terms of the oral agreement.
Nor do we find any manifest error on the part of the trial judge in granting the plaintiff his paid vacation, and in denying him pay for overtime work allegedly performed in December. The trial judge found that the plaintiff had failed to prove his case with regard to the overtime work, and the record adequately supports this finding. The trial judge failed to mention in his reasons for judgment why he denied the plaintiff’s demands for pay which he did not receive for work he allegedly did from 8:30 to 9:00 on each working day during his employment with the defendant. We find that the evidence adduced at trial by the plaintiff is inadequate to grant him relief on this demand.
We agree with the trial judge in his finding that no penalties and attorney’s fees should be assessed against the defendant in this case. The record supports the finding of the trial judge that the defendant was in good faith in denying the plaintiff his vacation pay. The cases cited in the brief by the plaintiff-appellant do not convince us that the trial judge was in error on this issue. Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967).
For the reasons assigned, the judgment rendered by the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.